```
                              United States Bankruptcy Court
                               Eastern District of New York

In re:                                                                  Case No. 16-43861-ess
Arthur Janvier                                                          Chapter 7
        Debtor
                                    CERTIFICATE OF NOTICE
District/off: 0207-1          User: admin              Page 1 of 2              Date Rcvd: Dec 08, 2016
                              Form ID: 318DF7          Total Noticed: 21


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 10, 2016.
db             +Arthur Janvier,    145 Welling Ct,    Apt 4B,   Staten Island, NY 10314-7849
smg             NYC Department of Finance,    345 Adams Street,    Office of Legal Affairs,
                 Brooklyn, NY 11201-3719
smg            +NYS Unemployment Insurance,    Attn: Insolvency Unit,    Bldg. #12, Room 256,
                 Albany, NY 12240-0001
8862763         COMCAST - Southwest credit Syste,    4120 International Pkwy,    Carrollton, TX 75007-1957
8862764         Debt Recovery Solution,    900 Merchants Concourse,    Westbury, NY 11590-5142
8885233        +Deutsche Bank National Trust Company,    c/o Robertson, Anschutz & Schneid, P.L,
                 6409 Congress ave.,    Suite 100.,    Boca Raton, Fl 33487-2853
8862769         Midland Credit Management Inc,    2365 Northside Dr Ste 300,    San Diego, CA 92108-2709
8862772         Pnc Bank,    249 5th Sve Ste 30,    Pittsburgh, PA 15222
8862773        +Pnc Bank,    2730 Liberty Ave,    Pittsburgh, PA 15222-4747
8862775       ++WELLS FARGO BANK NA,    WELLS FARGO HOME MORTGAGE AMERICAS SERVICING,
                 ATTN BANKRUPTCY DEPT MAC X7801-014,    3476 STATEVIEW BLVD,    FORT MILL SC 29715-7203
               (address filed with court: Wells Fargo Hm Mortgag,    8480 Stagecoach Cir,
                 Frederick, MD 21701-4747)
8869588        +Wells Fargo Bank, N.A.,    c/o Frenkel Lambert et al.,    53 Gibson Street,
                 Bay Shore, NY 11706-8369

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            +E-mail/Text: nys.dtf.bncnotice@tax.ny.gov Dec 08 2016 18:26:24
                 NYS Department of Taxation & Finance,    Bankruptcy Unit,    PO Box 5300,
                 Albany, NY 12205-0300
smg            +E-mail/Text: ustpregion02.br.ecf@usdoj.gov Dec 08 2016 18:25:58
                 Office of the United States Trustee,    Eastern District of NY (Brooklyn Office),
                 U.S. Federal Office Building,    201 Varick Street, Suite 1006,    New York, NY 10014-9449
8862762         EDI: CAPITALONE.COM Dec 08 2016 18:13:00       Capital One Bank,    PO Box 71083,
                 Charlotte, NC 28272-1083
8862766         E-mail/Text: bknotice@erccollections.com Dec 08 2016 18:26:02      Enhanced Recovery Co L,
                 8014 Bayberry Rd,    Jacksonville, FL 32256-7412
8862765         E-mail/Text: bknotice@erccollections.com Dec 08 2016 18:26:02      Enhanced recovery,
                 8014 Bayberry Rd,    Jacksonville, FL 32256-7412
8862767         EDI: IRS.COM Dec 08 2016 18:13:00       Internal Revenue Service,
                 Centralized Insolvency Operation,    PO Box 7346,   Philadelphia, PA 19101-7346
8862768         EDI: MID8.COM Dec 08 2016 18:13:00       Midland Credit Management Inc,    PO Box 60578,
                 Los Angeles, CA 90060-0578
8862770        +Fax: 407-737-5634 Dec 08 2016 18:29:15      Ocwen Loan Servicing L,    1661 Worthington Rd Apt Rw,
                 West Palm Beach, FL 33409-6493
8862771         Fax: 407-737-5634 Dec 08 2016 18:29:15      Ocwen Loan Sevicing LLC,    Attn: Research Dept,
                 1661 Worthington Rd Ste 100,    West Palm Beach, FL 33409-6493
8862774        +EDI: SWCR.COM Dec 08 2016 18:13:00       Southwest Credit Syste,    4120 International Pkwy,
                 Carrollton, TX 75007-1958
                                                                                              TOTAL: 10

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 10, 2016                                    Signature: /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 8, 2016 at the address(es) listed below:
              Elizabeth L Doyaga    on behalf of Creditor    Deutsche Bank National Trust Company
               erubino@rasflaw.com,  bkyecf@rasflaw.com;RAS@ECF.COURTDRIVE.COM
              Kevin B Zazzera    on behalf of Debtor Arthur  Janvier kzazz007@yahoo.com
              Lori Lapin Jones    ljones@jonespllc.com,  lljones@ecf.epiqsystems.com
              Michelle C Marans    on behalf of Creditor    Wells Fargo Bank, N.A. MMarans@flwlaw.com,
               jspiegelman@flwlaw.com;plamberti@flwlaw.com
              Office of the United States Trustee    USTPRegion02.BR.ECF@usdoj.gov
                                                                                           TOTAL: 5
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Arthur Janvier** | Social Security number or ITIN **xxx–xx–6209** |
| | First Name    Middle Name    Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   Eastern District of New York 271–C Cadman Plaza East, Suite 1595 Brooklyn, NY 11201–1800 | | |
| Case number:   **1–16–43861–ess** | | Chapter:   **7** |

# Order of Discharge and Final Decree

**Revised: 12/15**

**IT IS ORDERED:**

A discharge under 11 U.S.C. § 727 is granted to:

   Arthur Janvier

**IT IS FURTHER ORDERED**:

- Lori Lapin Jones (Trustee) is discharged as trustee of the estate of the above–named debtor(s) and the bond is cancelled.
- The Chapter 7 case of the above–named debtor(s) is closed.

**BY THE COURT**

Dated: December 8, 2016

s/ Elizabeth S. Stong
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person(s) named as the debtor(s). It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor(s) a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor(s). A creditor who violates this order can be required to pay damages and attorney's fees to the debtor(s).

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts That are Not Discharged**

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts;

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**